IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-2300-RBJ

ANGELA MARIA STALIANS,

     Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

     Defendant.

---

# ORDER

---

The case comes before the Court on appeal from a decision of the Commissioner of the Social Security Administration. Plaintiff, representing herself *pro se*, filed this appeal on September 10, 2010. It was ripe for review and decision upon the filing of plaintiff's reply brief on April 13, 2011. Oral argument was set for February 16, 2012 before Judge Krieger. However, a minute order indicates that Judge Krieger deferred making a determination on that date "to allow time for plaintiff to retain counsel to assist her."

On March 28, 2012 Judge Krieger recused herself, indicating that she had conducted a settlement conference in this matter. The case was reassigned to this Court on March 29, 2012. Upon review of the file I note that no attorney has entered on Ms. Stalians' behalf. I must assume, therefore, that Ms. Stalians has not obtained counsel, and given the age of the case, I will proceed to decision based on the record and the parties' briefs.

**Standard of Review**

This Court has the authority to review the Commissioner of Social Security's final decision under 42 U.S.C. § 405(g).  When reviewing a final decision by the Commissioner, the role of the District Court is to examine the record and determine whether it "contains substantial evidence to support the Secretary's decision and whether the Secretary applied the correct legal standards." *Rickets v. Apfel*, 16 F.Supp.2d 1280, 1287 (D. Colo. 1998) (citing *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497 (10th Cir. 1992)).  A decision cannot be based on substantial evidence if "it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988).  More than a scintilla, but less than preponderance is required. *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004).  Although the evidence may support two inconsistent conclusions, that "does not prevent an administrative agency's finding from being supported by substantial evidence." *Id.*  The Court cannot "reweigh the evidence or substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

**Facts**

Ms. Stalians was born on May 10, 1983.  She applied for social security disability benefits on April 10, 2008.  A Social Security Administration Field Office Disability Report shows that Ms. Stalians indicated in her interview on April 18, 2008 that she became unable to work because of illnesses, injuries or conditions on January 30, 2006.  R. 121.

Ms. Stalians was notified by letter dated September 3, 2008 from the Social Security Administration Regional Commissioner that her claim had been denied.  R. 33-35.  She then requested a hearing by an Administrative Law Judge ("ALJ").  The ALJ hearing was held on

June 11, 2009.  Ms. Stalians testified that she suffered from irregular heartbeats, an enlarged

heart, fatigue and loss of teeth.  She denied having any mental disorders, characterizing her

doctors' findings to that effect as false.  R. 23-24, 26-27.  A vocational expert described Ms.

Stalians' past work as a fast food worker, assembler, cashier, front desk clerk, pizza baker, and

the ALJ added indications of work stocking shelves and cleaning.  R. 25-26.  However, the

expert testified that Ms. Stalians was no longer able to do any relevant work.  R. 28-29.  This

was based on a hypothetical set of facts, derived by the ALJ from reports of Ms. Stalians'

doctors, that she has no physical limitations but has "possible low average to borderline IQ levels

with impaired social interaction and a moderate to marked impairment with respect to pace and

persistence such that would probably limit the Claimant to unskilled activities with limited

interaction with others in activities that are not highly productive, high production sensitive," R.

26, 27.

At the conclusion of the hearing the ALJ announced that he would make an award of

disability.  R.28. He issued a written decision on June 30, 2009 that he characterized as being

"fully favorable" to Ms. Stalians.  R. 10.  He found that Ms. Stalians had not engaged in

substantial gainful activity since January 30, 2006, although she had performed some work after

that date.  R. 15.  He cited a physical examination by Troy Glaser, M.D. (sic) in June 2008 in

which he had found no physical limitations on Ms. Stalians' ability to work (including no

substantiation of her claim of an enlarged heart) but found her to be very confused with poor

insight.  The ALJ also cited a psychological evaluation by Victor Neufeld, Ph.D. in August 2008,

in which he found that Ms. Stalians was moderately to markedly impaired with respect to pace

and persistence, that she had a very poor fund of information and was very slow in her

processing, consistent with her report that she had never met her job quota while working on an assembly line.  R. 16.

The ALJ concluded, based on his review of all evidence of record, "that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, and that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are generally credible."  R. 16.  He found that Ms. Stalians is unable to perform any past relevant work and, based on the testimony of the vocational expert, that she is unable to make a successful vocational adjustment to work that exists in significant numbers in the national economy.  R. 17.  Accordingly, he found that Ms. Stalians had been under a disability as defined by the Social Security Act since January 30, 2006.  *Ibid.*  He recommended the appointment of a representative payee to manage payments in Ms. Stalians' interest and further recommended that a continuing disability review be made in 18 months.  R. 18.

Despite this outcome, Ms. Stalians requested an administrative review of the ALJ's decision.  R. 5-9.  The basis for the appeal is not entirely clear.  She claimed that her disabilities were physical, not mental.  She stated that she was born with heart problems, apparently indicating that she disagreed with the date of onset.  R.7.  However, she acknowledged that she worked from 2001 to 2007, albeit stating that she lost many jobs due to her health condition. *Ibid.*

On July 20, 2010 Social Security Administration Appeals Council denied her request for review, finding "no reason under our rules to review the Administrative Law Judge's decision."  R. 1.  Accordingly, the ALJ's decision became the final decision of the Commissioner.  Ms. Stalians then sought review by this Court.

**Conclusions**

In her Complaint Ms. Stalians states that she was born with a severe and disabling heart condition and has been disabled her entire life.  She reiterates that although she worked from 2001 (age 18) to 2007 (age 24), she lost jobs due to her health.  Complaint [docket #3] at 1-4.  In her Opening Brief [#22], Ms. Stalians repeats her claims that she has been disabled since May 10, 1983 (her date of birth).  She did not cite evidence in the administrative record.  However, from a review of records that she attached to her brief, it again appears that Ms. Stalians' primary dispute is with the determination that her disability began on January 30, 2006.  That date, she indicates, was when she stopped working.  *Id.* at 14.

The Commissioner responds that the ALJ's decision, in Ms. Stalians' favor, is supported by the record.  The brief cites the physical examination report of Troy Glaser, D.O., R. 173-77, which the Court finds to be consistent with the ALJ's summary of Dr. Glaser's opinion.  It cites the psychological evaluation of Victor Neufeld, Ph.D., R. 183-85, which the Court likewise finds to be consistent with the ALJ's summary.  It cites the Social Security Administration Field Office Disability Report in which Ms. Stalians is reported to have indicated in her interview on April 18, 2008 that she became unable to work because of illnesses, injuries or conditions on January 30, 2006.  R. 121.

In her reply [#26], Ms. Stalians repeats her claim that she has been disabled since birth.  She also refers to an application for Supplemental Social Security Income that she submitted on March 17, 2011.  She does not explain how that matter is relevant to the ALJ's decision of June 30, 2009 that became the Commissioner's final decision for purposes of this appeal.  I assume

that she has been receiving the benefits ordered by the ALJ.  I found nothing in the record to indicate otherwise.

Unfortunately, Ms. Stalians does not have, nor would I expect her to have, a good understanding of what the issue is on this appeal or how to present it.  This is a difficult process even for lawyers unfamiliar with it, let alone lay people.  I also understand Ms. Stalians' insistence that her disability stems from inherent physical limitations, not from a mental disorder, and that she has had physical limitations since birth.  I respect her right to form and express her own opinions as to what her disabilities are, when they occurred, and what caused them.

However, the issue presented to this Court is whether the ALJ's decision concerning her application for disability benefits is supported by substantial evidence.  Disability for purposes of Social Security disability benefits means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1).  The ALJ applied the correct definition.  R. 13.

There was substantial evidence in the record supporting an onset of "disability" under that definition on January 30, 2006.  As indicated, Ms. Stalians herself indicated to the SSA Field Officer that she became unable to work on January 30, 2006.  The record shows that she repeatedly acknowledged working from 2001 to 2007, essentially the beginning of her adulthood.  She claims to have lost jobs during that period due to disability, but she does not point to evidence in the administrative record that supports an onset of disability from work prior to January 30, 2006.  Actually, there was evidence in the record that she continued to work through July 2007.  R. 23.  The ALJ discounted that work, to her benefit, in setting her onset date at January 30, 2006.

**Order**

The decision of the Commissioner is affirmed.

DATED this 16th day of April, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge